

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-26-2002

# Combs v. Sch Dist Phila

Precedential or Non-Precedential:

Docket 1-2714

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Combs v. Sch Dist Phila" (2002). *2002 Decisions.* Paper 208.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/208

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-2714
_____


CLARENCE COMBS,
                              Appellant

                    v.

SCHOOL DISTRICT OF PHILADELPHIA;
DAVID W. HORNBECK, Superintendent, School District of the City of
Philadelphia;
        YVONNE JONES, Principal of Overbrook High School;
MICHAEL LODISE, President, School Police Association of Philadelphia;
JOSEPH ROBERTS, School District Security Officer, Overbrook High School;
BEVERLY BROWN, School District Non-Teaching Assistant, Overbrook High
School;
        DANTE JOSIE; WILLIAM PORTER; ERIC WALTERS


_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 99-cv-03812
(Honorable Ronald L. Buckwalter)
_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
March 4, 2002

Before:  SCIRICA and ROSENN, Circuit Judges,
         and WARD, District Judge*




    *The Honorable Robert J. Ward , United States District Judge for the
Southern District
of New York, sitting by designation.

(Filed: March 25, 2002)


_____


OPINION OF THE COURT
_____


SCIRICA, Circuit Judge.

This is an appeal of a jury verdict in a 42 U.S.C. 1983 action.

## I.

On May 6, 1999, three students at Overbrook High School in Philadelphia, Pennsylvania, assaulted Clarence Combs, also a high school student, during a class change. Combs filed suit against the School District of Philadelphia, claiming the school district willfully and knowingly allowed a state-created danger at the school. After a five-day trial, the jury found for defendant. This appeal followed.

## II.

The District Court had jurisdiction under 28 U.S.C. 1331. We have jurisdiction under 28 U.S.C. 1291.

## III.

Combs contends the District Court wrongly admitted his high school disciplinary records and testimony concerning his behavior at school. We review for abuse of discretion. In re Paoli R.R. Yard PCB Litig., 113 F.3d 444, 453 (3d Cir. 1997). The records and testimony at issue described Combs as violent and rebutted claims that his assailants were more confrontational than most Overbrook students. Additionally, Combs's disciplinary record demonstrated defendant had not ignored past infractions. The District Court's decision that the records and testimony were more probative than prejudicial was well within its discretion. Nor do we find the evidence of Combs's prior disciplinary problems was presented to prove his character. We see no error in the admission of the records.

Combs also claims statements made by defendant's counsel during opening and closing argument were prejudicial. Given Combs's failure to object, we review for plain error. United States v. Olano, 507 U.S. 725, 732 (1993). The challenged statements, which characterized Combs as a "troublemaker," did not "seriously affect[] the fairness, integrity or public reputation of judicial proceedings." Id. (quotation and citation omitted). The statements were supported by evidence at trial. We see no error.

## IV.

The District Court prohibited Combs's purported liability expert, Dr. Michael Witkowski, from testifying about the state-created danger theory. Combs contends the Court should have held a Daubert hearing. We review for abuse of discretion. Waldorf v. Shuta, 142 F.3d 601, 627 (3d Cir. 1998) ("[W]e will not substitute our own judgment for that of the trial court regarding the admission or exclusion of expert testimony."). The District Court found that Witkowski, whose testimony addressed "commonplace" issues, had no expertise that would aid the jury. No Daubert hearing was required. We see no error.

## V.

Combs challenges the preclusion of expert testimony by Francis Friel, an employee of the First Class Cities Subcommittee of the Pennsylvania House of Representatives investigating violence in Philadelphia public schools, and its decision to exclude the Subcommittee Report from evidence. We review for abuse of discretion. Waldorf, 142 F.3d at 627. The District Court found the material in the Subcommittee Report was irrelevant. Furthermore, Combs failed to designate Friel as an expert "at least 90 days before the trial date or the date the case is to be ready for trial." Fed. R. Civ. P. 26(a)(2)(C). We see no error.

## VI.

During the five-day trial, the District Court asked several questions of witnesses. Combs alleges these questions demonstrated bias and deprived him of a fair trial. We disagree. Fed. R. Evid. 614(b) allows judges to question witnesses. Having reviewed the record carefully, and cognizant of the court's responsibility to remain impartial, we find no evidence or hint that the District Court assumed the role of advocate for defendant. That the answers may have benefitted defendant does not establish reversible error. We see no error.

## VII.

Combs contends the District Court erred by allowing defendant to exclude all African-Americans from the jury pool, violating his constitutional rights. See Batson v. Kentucky, 476 U.S. 79 (1986). At plaintiff's request, the District Court held a Batson

hearing.  Defendant demonstrated race-neutral reasons for excusing the two remaining
African-Americans from the jury pool.  Cf. Purkett v. Elem, 514 U.S. 765 (1995).
Plaintiff did not rebut defendant's proffer.  We see no equal protection violation.

                                    VIII.

     Over Combs's objection, the District Court refused to allow Philadelphia Police
Officer Victoria Phillips to testify about the number of assaults at Overbrook High
School, finding such testimony would be an "estimation" or "guess."  We review for
abuse of discretion.  In re Paoli, 113 F.3d at 453.  Officer Phillips said she had no
recollection of responding to calls from Overbrook while a patrol officer.  While assigned
to "School Beat 2," she was not at Overbrook on a daily basis.  Officer Phillips kept no
record of arrests until after Combs's assault.  The District Court was within its sound
discretion in limiting her testimony.

                                    IX.

     Finally, Combs challenges the jury charge, claiming it misstated the requirements
for proving a state-created danger.  Given Combs's failure to object, we review for plain
error.  Olano, 507 U.S. at 732.  The charge properly stated all elements of the theory,
including that plaintiff had to prove the state "create[d] an opportunity that otherwise
would not have existed for the third party's crime to occur."  Kneipp v. Tedder, 95 F.3d
1199, 1208 (3d Cir. 1996).  That the District Court's charge incorporated uncontested
evidence   Combs was in the hallway when injured   did not tip the scale for defendant.
We see no error.

                                    X.

     For the foregoing reasons we will affirm the judgment.

TO THE CLERK:

Please file the foregoing opinion.


/s/ Anthony J. Scirica
Circuit Judge